IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JARVIS WINFIELD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THOMAS DART and ) <br> COOK COUNTY, ILLINOIS, ) <br> ) <br> Defendants. ) <br> ) | No. 13 C 8237 |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On November 15, 2013, plaintiff Jarvis Winfield ("Winfield") filed a complaint ("Complaint") (Dkt. No. 1 ("Compl.")) against defendants Cook County, Illinois ("Cook County") and Cook County Sheriff Thomas Dart ("Dart") in his individual and official capacities (collectively, "Defendants"). (Compl. ¶¶ 3-4.) The Complaint alleges that, in violation of 42 U.S.C. § 1983 and the Fourteenth Amendment, Defendants denied Winfield medical care adequate to treat his injured hand while Winfield was incarcerated at Cook County Jail. (Compl. ¶¶ 6-16.) Winfield also alleges Defendants maintained a practice of providing constitutionally inadequate medical care to detainees at the Cook County Jail. (Compl. ¶ 14.) Dart has moved to dismiss the claims against him in his individual capacity pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 14 ("Def.'s Mot.").) For the reasons explained below, that motion is granted.

FACTUAL BACKGROUND

At this stage in the litigation, the court must accept the factual allegations in Winfield's Complaint as true and must draw all reasonable inferences in Winfield's favor. *Fednav Int'l Ltd.* v. *Cont'l Ins. Co.*, 624 F.3d 834, 837 (7th Cir. 2010). The court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," as well as any additional facts set forth in Winfield's response to Dart's motion to dismiss, as long as those facts "are consistent with the pleadings." *Geinosky* v. *City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) (citations omitted). The facts set forth below are therefore stated from that perspective.

Winfield is currently a detainee at Cook County Jail ("Jail") and has been since his intake on August 4, 2010. (Compl. ¶¶ 2, 6.) The Cook County Sheriff's Department, which is an entity separate from Cook County, operates the Jail and has "final policymaking authority over [J]ail operations." *DeGenova* v. *Sheriff of DuPage Cnty.*, 209 F.3d 973, 976 (7th Cir. 2000); *id.* at 976, n.2 ("[T]he Sheriff's office has a legal existence separate from the county and the State."). Dart is the Sheriff of Cook County. (Compl. ¶ 3.) Cook County operates Cermak Health Services, which is responsible for providing medical care to the Jail's detainees. (*Id.* ¶ 4.) "Cermak is a separate entity from [the Jail] and an extension of Cook County Hospital." *Boyce* v. *Moore*, 314 F.3d 884, 887 n.1 (7th Cir. 2002).

At the time of Winfield's processing into the Jail on August 4, 2010, Winfield's hand was seriously injured. (Compl. ¶ 6.) The precise nature of the injury is not stated in Winfield's

2

Complaint or his response to Dart's motion to dismiss.[1] (Compl. ¶ 6.) Between 2010 and 2012, medical personnel at the Jail periodically replaced stitches in Winfield's hand and provided Winfield with pain medication. (*Id.* ¶ 7.) Although Winfield submitted "countless" health care request forms seeking additional medical attention, (*id.* ¶ 8), and "numerous" grievances demanding immediate medical care for his hand, he did not receive additional orthopedic care until 2012 (*id.* ¶ 9).

In 2012, the Jail eliminated its part-time orthopedic clinic and directed its medical department to coordinate care with outside orthopedic clinics. (*Id.* ¶ 10.) The Jail referred Winfield to Stroger Hospital, where doctors diagnosed Winfield's hand injury as a serious one that would require multiple surgeries. (*Id.* ¶ 11.) In 2013, nearly one year after Stroger Hospital's diagnosis, the Jail scheduled the first of the two surgeries necessary to repair Winfield's hand. (*Id.* ¶ 12.) As of the filing of his Complaint, Winfield's second surgery had not taken place. According to the Complaint, the medical professionals at Stroger Hospital also told Winfield that the delay in addressing his hand injury had caused permanent damage to his right index finger. (*Id.* ¶ 13.)

Winfield alleges the Jail has a practice to provide constitutionally inadequate health care to detainees, especially with regard to orthopedic ailments. (Compl. ¶ 14.) Winfield also alleges flaws in the Jail's grievance system through which Winfield attempted, unsuccessfully, to obtain

---

[1] Winfield's Complaint and response alternatively describe his hand as "seriously injured," (Compl. ¶¶ 6, 11), and "broken" (*Id.* ¶ 9).

timely medical care. (*Id.* ¶ 5.) As a "direct and proximate" result of the Jail's flawed practices, Winfield claims he received constitutionally inadequate medical care. (*Id.* ¶ 16.)

Winfield also brings an individual capacity claim against Dart, alleging Dart was deliberately indifferent to his serious medical needs. (Dkt. No. 17 ("Pl.'s Resp.") at 5.) According to Winfield's Complaint, Dart learned in 2008 that the Jail (1) "may" provide inadequate medical care to certain detainees and (2) "may" operate a grievance system that leaves certain inmates without recourse to address legitimate concerns. (Compl. ¶ 6.) Although Dart is "intimately involved" in running the Jail, (Compl. ¶ 6), and adheres to a "hands on" style of management, (Pl.'s Resp. at 4), Dart has failed to take action sufficient to remedy the alleged flaws in medical care and grievance processing (Compl. ¶ 15).

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley* v. *Gibson*, 355 U.S. 41, 47 (1957)). Although "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. The complaint must "include sufficient facts 'to state a claim for relief that is plausible on its face.'" *Cole* v. *Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011) (quoting *Justice* v. *Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft* v. *Iqbal*,

556 U.S. 662, 678 (2009). In ruling on a Rule 12(b)(6) motion, the court "construe[s] the . . . [c]omplaint in the light most favorable to Plaintiff, accepting as true all well-pleaded facts and drawing all possible inferences in his favor." *Cole*, 634 F.3d at 903.

## ANALYSIS

Dart has moved to dismiss only the individual capacity medical care claim alleged against him. Individual liability under § 1983 requires "personal involvement in the alleged constitutional deprivation." *Palmer* v. *Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). § 1983 creates a cause of action based on personal liability and predicated on fault; consequently, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper* v. *Vill. of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005). Because there is no *respondeat superior* liability under § 1983, Dart's supervisory position at the Jail is insufficient to hold him liable in his individual capacity, even if he was negligent. *Shultz* v. *Dart*, No. 13 C 3641, 2013 WL 5873325, at *2 (N.D. Ill. Oct. 31, 2013) (Feinerman, J.) (citing *Jones* v. *City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)). "However, [a supervisory] official satisfies the personal responsibility requirement of section 1983 if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent. That is, he must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery." *Arnett* v. *Webster*, 658 F.3d 742, 757 (7th Cir. 2011) (citations omitted); *see also Brokaw* v. *Mercer Cnty.*, 235 F.3d 1000, 1012 (7th Cir. 2000) ("An official causes a constitutional violation if he sets in motion a series of events that defendant knew or reasonably should have known would cause others to deprive plaintiff of constitutional rights.").

Winfield has failed to state an individual capacity against Dart with respect to the allegedly inadequate medical care he received at the Jail. Winfield's Complaint asserts that Dart is "intimately involved" in running the Jail, (Compl. ¶ 5), and his response brief elaborates on Dart's "hands on" style of management (Pl.'s Resp. at 4). For example, Dart installed body scanners, held weekly "accountability meetings" with Jail staff, hired a consultant to better address inmates with mental health issues, and became personally involved in the operation of the Jail's garden. (*Id.* at 4-5.) Neither Winfield's Complaint nor his brief, however, articulate any direct personal involvement Dart had with respect to the provision of medical care at the Jail. Nor does Winfield allege that he received inadequate care at Dart's direction or with his personal knowledge or approval. Although Winfield contends that Dart "turned a blind eye" to the fact that the Jail's grievance process "may be flawed," he provides no facts to support his conclusory allegation. (Pl.'s Resp. at 3.)

Courts in this district have explicitly rejected individual capacity claims that rest solely on allegations of "intimate involvement" and a "hands on style of management." *See Shultz*, 2013 WL 5873325, at *3 (dismissing individual capacity medical care claim based on general allegations that sheriff was "intimately involved in running [the Jail]" and "applied a hands on style of management"). Accordingly, because Winfield has failed to allege facts sufficient to show that Dart was involved in the treatment of his hand or even knew of Winfield's ongoing medical issues, the individual capacity claim against Dart must be dismissed. *See Palmer*, 327 F.3d at 593-94 (7th Cir. 2003) (holding sheriff not subject to individual liability where he had no knowledge or personal involvement in actions leading to alleged constitutional violation);

*Castaldo* v. *Dart*, No. 09 C 3751, 2011 WL 5118824, at *6 (N.D. Ill. Oct. 26, 2011) (Norgle, J.) (holding sheriff not personally liable where plaintiff failed to demonstrate sheriff was involved in medical treatment or was even aware of plaintiff's medical issues).

## CONCLUSION

For the reasons explained above, Defendant Sheriff Thomas Dart's "Motion to Dismiss Plaintiff's Complaint in his Individual Capacity" (Dkt. No. 14) is granted. Plaintiff Jarvis Winfield's § 1983 claims against Cook County, Illinois and Sheriff Dart in his official capacity remain pending and have already proceeded to discovery. The parties are encouraged to discuss settlement.

ENTER:

*James F. Holderman*
JAMES F. HOLDERMAN
District Judge, United States District Court

Date: March 13, 2014